UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

v.    :    No. 22-cr-42 (CRC)

JOSHUA HERNANDEZ    :

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Mr. Joshua Hernandez, through undersigned counsel, respectfully submits this reply in support of his motion to modify his conditions of release to permit him to live in the Western District of Missouri with his wife and two young children.

The government's argument that a history of violence or the fact that Mr. Hernandez plead guilty to assault in this case should limit Mr. Hernandez's ability to live with his family in Missouri is inconsistent with the practice in this District with respect to January 6 cases, or any other cases involving a Defendant who is not from Washington, D.C.  It is common practice for a defendant to be permitted to live and be supervised in the federal district where his or her family resides upon release.  The fact that Mr. Hernandez's family was not financially stable enough to remain in the same location for his entire incarceration should not prevent him from being able to live with his family now that he is released.

Counsel for Mr. Hernandez has spoken with Mr. Hernandez's wife who wants her husband[1] to come and live with her and their children in Missouri.  She is building a life for her and her children in her small community in Missouri.  She is a member of one of the local churches, the pastor of which has assured her that Mr. Hernandez will find employment in the area if he were permitted to join her.

---

[1] While not yet officially married, the couple refers to themselves as husband and wife and intend to officially marry soon.

1

The government argues that the Court should prohibit Mr. Hernandez from moving to live with his family in Missouri because they have been receiving financial and emotional support from groups and individuals that assist persons who were convicted and served sentences after January 6, 2021. The government appears to be arguing that all individuals who support people who engaged in criminal behavior on January 6, 2021 are negative influences. The government's contention has no support in fact. There is no evidence to find that the groups and people assisting Mr. Hernandez's family are violent, engage in criminal conduct, or otherwise encourage negative behavior. They are merely individuals who have particular political beliefs and also believe they should use their resources to help others. There is no basis for the Court to find they would be a negative influence on Mr. Hernandez should he move to Missouri to be with his family. Additionally, as soon as Mr. Hernandez is able to find employment in Missouri, he and his family would no longer receive any assistance and he is confident he can find employment promptly.

Counsel also takes issue with the government's assertion that Mr. Hernandez made misstatements in his motion. There is nothing inconsistent with Mr. Hernandez's lack of stable living arrangements and the fact that he has clothes and a cell phone. Housing in and around Washington, D.C. is extremely expensive and Mr. Hernandez is desperate to live with his family and not in this area. Additionally, Mr. Hernandez plead guilty, agreed to a statement of offense describing his conduct on January 6, and served an incarceration sentence for his offense. The government may not believe Mr. Hernandez is remorseful for his actions, but he did acknowledge and accept responsibility for his actions by entering a guilty plea.

Despite Mr. Hernandez's desire to move to Missouri and join his family, he has also been investigating other options. Since the filing of the initial motion, Mr. Hernandez has been

desperate to find a way and place to be able to live with his family that is not Washington, D.C. For that reason, he reached out to his previous employer in Tennessee and secured a promise of a position should he move back to Memphis. Mr. Hernandez is currently working with the Probation Office to determine if supervision in Memphis is possible. Mr. Hernandez would then need to move his wife and two children back to Memphis from Missouri, which would uproot them from the community they have developed. However, if this is the quickest option for Mr. Hernandez to be able to leave Washington, D.C. and live with his family, he wants to pursue it.

Therefore, Mr. Hernandez respectfully asks the Court to hold in abeyance his motion to modify his conditions of release to permit him to move to Missouri and allow Probation to determine if Tennessee will accept his supervision. Counsel will update the Court as soon as a decision regarding Tennessee is available to determine whether a final decision on Mr. Hernandez's motion is necessary.

Respectfully submitted,

*/s/ Diane Shrewsbury*
Diane Shrewsbury
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500